CLERK U.S DISTRICT COUR.
NORTHERN DIST. OF TX
FILED

2022 APR 22   AM 10: 52

DEPUTY CLERK_____ mb

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.                                                    NO.  3:21-CR-207-B

PAUL HENRY MAYBERRY

## FACTUAL RESUME

In support of Paul Henry Mayberry's plea of guilty to the offense in Count 1 of the

Superseding Information, Mayberry, the defendant, Paul Lund, the defendant's attorney,

and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count 1 of the Superseding Information, charging

a violation of 18 U.S.C. § 1201(a)(1) and (d), that is, Attempted Kidnapping, the

government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant, knowingly acting contrary to law, attempted to
kidnap, seize, confine, decoy, abduct, or carry away Adult Victim 1,
as charged in the Superseding Information;

*Second.*   That the defendant attempted to kidnap, seize, confine, decoy,
abduct, or carry away Adult Victim 1 for some reward or purpose or
benefit; and

*Third.*   That the defendant attempted to transport, seize, confine, kidnap,
abduct, or carry away Adult Victim 1 without her consent; and

*Fourth.*   The defendant willfully attempted to transport Adult Victim 1, and
such transportation was in interstate or foreign commerce, in that the

---

[1] Fifth Circuit Pattern Jury Instruction _2.54 (2019).

FACTUAL RESUME – PAGE 1

defendant used the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

## STIPULATED FACTS

1.      Paul Henry Mayberry admits and agrees that, beginning on or about April 12, 2021, and continuing through on or about April 20, 2021, in the Dallas Division of the Northern District of Texas and elsewhere, he did unlawfully and willfully attempt to seize, confine, decoy, kidnap, abduct, and carry away and hold for ransom or reward or otherwise a person, namely, Adult Victim 1 ("AV1"), and did use any means, facility, and instrumentality of interstate or foreign commerce, to wit: a cellular telephone and the internet, in committing and in furtherance of the commission of the offense. Mayberry admits that this conduct violated 18 U.S.C. § 1201(a)(1) and (d).

2.      Mayberry admits that on April 12, 2021, he responded to a public post on a social media website made by an undercover law enforcement agent ("UCA") posing as a sex trafficker. The post stated that the UCA had a woman, AV1, who "needs breaking." Mayberry responded that he was interested in breaking the woman and could travel to do so.

3.      Mayberry admits that the UCA informed him that AV1 was refusing to engage in commercial sex under his authority. Mayberry responded that he had experience breaking "whores".

4.      Mayberry admits that between April 12, 2021 and April 20, 2021, he used either his cellular telephone or a computer to communicate with the UCA to make arrangements to kidnap and "break" AV1, who Mayberry believed was being held by the

UCA against her will. While communicating with the UCA, Mayberry made clear he understood that the UCA was the head of a human trafficking organization, and that the UCA needed to "turn her [AV1] out", and that she "needed to earn".

5.      At an in-person meeting with the UCA, Mayberry described the specific torture methods he would use to "break" AV1, including the use of chains, paddles, and other means.

6.      Upon meeting in person, Mayberry and the UCA decided to meet on April 20, 2021, so that Mayberry could begin "breaking" AV1. The two agreed to meet at a warehouse in Irving, Texas, where Mayberry believed AV1 would be brought and held against her will.

7.      On April 20, 2021, Mayberry met the UCA at a gas station and followed the UCA to the warehouse. Mayberry unloaded the items he brought along with him, which included a restraining devices, sexual implements, chains, paddles, and some supplies indicating an intent to be at the warehouse for days.

8.      Mayberry admits and agrees that he traveled to the warehouse with the intent to unlawfully confine AV1 against her will to begin "breaking" her. Mayberry admits and agrees that he was going to complete the kidnapping of AV1 but for apprehension or interruption beyond Mayberry's control.

9.      The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose

of this statement of facts is to demonstrate that a factual basis exists to support the

defendant's guilty plea to Count 1 of the Superseding Information.

AGREED TO AND STIPULATED on this _15 day_ of _____APRIL_____, 2022.

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
Paul Henry Mayberry
Defendant

_____
Paul Lund
Attorney for Defendant

_____
Robert K. Nichols, III
Assistant United States Attorney
Alabama State Bar No. 3313T64N
1100 Commerce St., Third Floor
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: Robert.Nichols2@usdoj.gov